**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAR 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: PETRA MARTINEZ; STANLEY ATKINSON,<br><br>             Debtors.<br>―――――――――――――――――<br>PETRA MARTINEZ; STANLEY ATKINSON,<br><br>             Appellants,<br><br>  v.<br><br>BANK OF NEW YORK MELLON, FKA The Bank of New York, As Trustee for CHL Mortgage Pass-Through Trust 2006-HYB4; et al.,<br><br>             Appellees. | No. 18-16852<br><br>D.C. No. 5:17-cv-06193-LHK<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted March 12, 2019[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:       LEAVY, BEA, and N.R. SMITH, Circuit Judges.

Petra Martinez and Stanley Atkinson appeal pro se from the district court's judgment affirming the bankruptcy court's order dismissing their adversary proceeding against certain creditors. We have jurisdiction under 28 U.S.C. § 158(d) and § 1291. We review de novo a district court's decision on appeal from a bankruptcy court, and apply the same standard of review the district court applied to the bankruptcy court's decision. *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990). We affirm.

The bankruptcy court properly dismissed plaintiffs' adversary action because plaintiffs' claims rely on legal bases rejected by California courts, and plaintiffs failed to allege facts sufficient to show that they are entitled to relief. *See Saterbak v. JPMorgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 795-96 (Ct. App. 2016) (plaintiff bears burden of pleading that a defect in an assignment of a deed of trust renders the assignment void, rather than voidable); *Debrunner v. Deutsche Bank Nat'l Trust Co.*, 138 Cal. Rptr. 3d 830, 835 (Ct. App. 2012) (party need not possess promissory note to foreclose); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

We reject as meritless plaintiffs' contention that the bankruptcy court did not

2                                                                                      18-16852

have jurisdiction over this matter.

We do not consider contentions raised for the first time on appeal, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**